IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | :   Case No.: 7:23-CR-31 (WLS-TQL-1) |
| | : |
| ADAM HESTERS, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

On Tuesday, May 21, 2024, the Court held a final restitution hearing in this matter. Based on the evidence presented to the Court, for reasons stated on the record at the hearing, and for reasons further stated below, the Court finds that Defendant is **ORDERED** to pay restitution to the victims in this matter in the **total amount of $27,000** as set forth below.

**PROCEDURAL BACKGROUND**

In October of 2023, Defendant Hesters pled guilty to Count One of the Indictment, which charged him with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (Doc. 26). In February of 2024, the Court sentenced Defendant to 78 months of imprisonment, followed by twelve (12) years of supervised release. (Docs. 33; 35; 36). The Court deferred a final determination on restitution and ordered the United States Probation Office (USPO) to notice identifiable victims of their right to present restitution claims to the Court.

And at the May 21st hearing, the Court heard from the Government and Defendant. The Government asked for the statutory minimum restitution in the amount of $3,000 for each identifiable victim. Counsel for Defendant did not object.

USPO received claims for restitution from six (6) identified victims. Additionally, USPO identified three (3) additional victims, who have not requested restitution nor replied

1

to the Probation's notice.[1] The Court, herein, makes the following findings as to the amount of restitution the Defendant shall be **ORDERED** to pay each of the nine (9) victims.

## LAW AND ANALYSIS

Under 18 U.S.C. § 2259(a), a court shall order restitution from Defendants, convicted of, *inter alia*, Possession of Child Pornography for the "full amount of the victim's losses."[2] The issuance of a restitution order is mandatory, and the Court may not decline to issue the restitution order because of a defendant's economic circumstances, or because, a victim has or is entitled to receive compensation for injuries from proceeds of insurance or any other source. 18 U.S.C. § 2259(b)(4)(A)-(B). The award of restitution to Defendant Hesters's victims are as follows:

### I.    BEST NECKLACE SERIES

There is one (1) individual represented by Carol Hepburn in the Best Necklace series. In documentation provided to USPO, Ms. Hepburn estimates her client suffered a minimum of $124,072.05 in general losses, $11,972.05 in expenses paid in out-of-pocket costs incurred relative to restitution documentation, and anticipates economic loss in future counseling expenses of $112,100 to $137,000. Ms. Hepburn requests the Court impose restitution of no

---

[1] There were three other (3) victims, but they declined to participate and wished to be avoided.

[2] 18 U.S.C. § 2259(c)(3) provides:

> Full amount of the victim's losses.—For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim, and in the case of trafficking in child pornography offenses, as a proximate result of all trafficking in child pornography offenses involving the same victim, including—
>
> (A) medical services relating to physical, psychiatric, or psychological care;
> (B) physical and occupational therapy or rehabilitation;
> (C) necessary transportation, temporary housing, and child care expenses;
> (D) lost income;
> (E) reasonable attorneys' fees, as well as other costs incurred; and
> (F) any other relevant losses incurred by the victim.

less than $7,500. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the Court is required to award a minimum of $3,000 for each of Defendant's victims considering the victim's request and Defendant's relative role in her injuries. The Court finds that Defendant's conduct did not involve the creation of the materials involving the victim or other direct conduct. Therefore, the Court awards restitution in the amount of $3,000 to the individual victim in the Best Necklace Series.

### II.     REDGLASSESCRY SERIES

There is one (1) individual represented by Susanna Southworth in the RedGlassesCry series. In the documentation provided to the USPO, Ms. Southworth requests the Court impose restitution of $3,000. USPO has informed the Court that the individual has received a total of $17,215.39 in restitution thus far. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the Court is required to award a minimum of $3,000 for each of Defendant's victims considering the victim's request and Defendant's relative role in her injuries. The Court finds that Defendant's conduct did not involve the creation of the materials involving the victim or other direct conduct. Thus, the Court awards restitution in the amount of $3,000 to the individual victim in the RedGlassesCry series.

### III.     HG1 SERIES

There is one (1) individual represented by Carol Hepburn in the HG1 series. In the documentation provided to the USPO, Ms. Hepburn requests the Court impose the restitution of $3,000. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the Court is required to award a minimum of $3,000 for each of Defendant's victims considering the victim's request and Defendant's relative role in her injuries. The Court finds that Defendant's conduct did not involve the creation of the materials involving the victim or other direct conduct. Hence, the Court awards restitution in the amount of $3,000 to the individual victim in the HG1 series.

### IV. SWEET PINK SUGAR SERIES

There is one (1) individual represented by Carol Hepburn and Deborah Bianco in the Sweet Pink Sugar series. In documentation provided to USPO, Ms. Hepburn and Ms. Bianco estimate that their client's anticipated economic loss will be of $10,000 and $15,000 for periodic updates to the evaluation of her injuries and that the client's evaluation thus far is $10,598.18. They request the Court impose restitution of no less than $5,000. USPO has informed the Court that the individual has received $294,854.68 in restitution so far. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the Court is required to award a minimum of $3,000 for each of Defendant's victims considering the victim's request and Defendant's relative role in her injuries. The Court finds that Defendant's conduct did not involve the creation of the materials involving the victim or other direct conduct. Thus, the Court awards restitution in the amount of $3,000 to the individual victim in the Sweet Pink Sugar series.

### V. VICKY SERIES

There is one (1) individual represented by Heidi Nestel in the Vicky series. In documentation provided to USPO, Ms. Nestel requests the Court impose restitution of $10,000. The Court finds that Defendant's conduct did not involve the creation of the materials involving the victim or other direct conduct. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the Court is required to award a minimum of $3,000 for each of Defendant's victims considering the victim's request and Defendant's relative role in her injuries. Thus, the Court awards restitution in the amount of $3,000 to the individual victim in the Vicky series.

### VI. SWEET WHITE SUGAR SERIES

There is one (1) individual represented by Rosemary Brewer in the Sweet White Sugar series. In documentation provided to USPO, Ms. Brewer requests the Court impose restitution of $5,000. USPO has informed the Court that the individual has recovered $955,088.27 in restitution payments thus far. The Court finds that Defendant's conduct did not involve the creation of the materials involving the victim or other direct conduct. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the Court is required to award a minimum of $3,000

for each of Defendant's victims considering the victim's request and Defendant's relative role in her injuries. Therefore, the Court awards restitution in the amount of $3,000 to the individual victim in the Sweet White Sugar series.

### VII. CALFTATTOO SERIES

There is one (1) individual in the CalfTattoo series, who has been identified but has not requested restitution and has not replied to USPO's notice. The Court finds that Defendant's conduct did not involve the creation of the materials involving the victim or other direct conduct. Pursuant to 18 U.S.C. § 2259, the Court is required to award a minimum of $3,000 for each of Defendant's victims, upon considering Defendant's relative role in her injuries. Thus, the Court awards restitution in the amount of $3,000 to the individual victim in the CalfTattoo series. *See* 18 U.S.C. § 2259(a)-(b); *see also Paroline v. United States*, 572 U.S. 434, 457–58 (2014) (explaining that restitution is mandatory under § 2259, in part, to impress upon offenders that their conduct produces concrete, devastating harms for "real, identifiable" victims.)

### VIII. CBABY2 SERIES

There is one (1) individual in the cbaby2 series, who has been identified but has not requested restitution and has not replied to USPO's notice. The Court finds that Defendant's conduct did not involve the creation of the materials involving the victim or other direct conduct. Pursuant to 18 U.S.C. § 2259, the Court is required to award a minimum of $3,000 for each of Defendant's victims, upon considering Defendant's relative role in her injuries. Thus, the Court awards restitution in the amount of $3,000 to the individual victim in the cbaby2 series. *See* 18 U.S.C. § 2259(a)-(b); *see also Paroline*, 572 U.S. at 457–58.

### IX. CBGIRL SERIES

There is one (1) individual in the CBGirl series, who has been identified but has not requested restitution and has not replied to USPO's notice. The Court finds that Defendant's conduct did not involve the creation of the materials involving the victim or

other direct conduct. Pursuant to 18 U.S.C. § 2259, the Court is required to award a minimum of $3,000 for each of Defendant's victims, upon considering Defendant's relative role in her injuries. Thus, the Court awards restitution in the amount of $3,000 to the individual victim in the CBGirl series. *See* 18 U.S.C § 2259(a)-(b); *see also Paroline*, 572 U.S. at 457–58.

## CONCLUSION

Based on the foregoing and for the reasons stated herein and on the record at the hearing, which by reference is made a part hereof, it is hereby **ORDERED** that the Defendant shall pay restitution in this case in the **total amount of twenty-seven thousand dollars ($27,000)** with such funds to be paid to each victim in this case as follows:

(1) The one (1) individual victim in the Best Becklace series shall be paid $3,000.

(2) The one (1) individual victim in the RedGlassesCry series shall be paid $3,000.

(3) The one (1) individual victim in the HG1 series shall be paid $3,000.

(4) The one (1) individual victim in the Sweet Pink Sugar series shall be paid $3,000.

(5) The one (1) individual victim in the Vicky series shall be paid $3,000.

(6) The one (1) individual victim in the Sweet White Sugar series shall be paid $3,000.

(7) The one (1) individual victim in the CalfTattoo series shall be paid $3,000.

(8) The one (1) individual victim in the cbaby2 series shall be paid $3,000.

(9) The one (1) individual victim in the CBGirl series shall be paid $3,000.

**SO ORDERED**, this <u>24th</u> day of May 2024.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**
